This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Lisa J. Feron has appealed from her conviction and sentence in the Wadsworth Municipal Court for driving under the influence of alcohol. This Court affirms.
 I.
On December 26, 1999, Defendant and her husband were traveling down Harris Road in Medina County when Defendant lost control of her car and slid into a ditch. Throughout the day the weather consisted of rain, snow and ice. Defendant and her husband attempted to push the vehicle out of the ditch, but were unsuccessful. They did not call the police. Instead, a stranger dropped Defendant off at Gino's, a bar nearby. Defendant called her neighbor, Ed Nalepa, to come and assist them.
Shortly thereafter, Trooper Grewal arrived at the scene. Trooper Grewal observed that Defendant's husband was very intoxicated. Trooper Grewal also noticed that Defendant had glassy eyes and had a mild odor of alcohol on her breath. As a result, Trooper Grewal administered three field sobriety tests. Based on her poor performance on the tests, Defendant was arrested and charged with driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and failure to maintain control of her vehicle, a violation of R.C. 4511.202.
Defendant pled not guilty, and the case proceeded to trial before a jury. Thereafter, the jury found Defendant guilty of driving under the influence of alcohol, and the trial court found Defendant guilty of failing to maintain control of her vehicle. Defendant timely appealed her conviction for driving under the influence of alcohol, asserting two assignments of error.[1] For ease of discussion, this Court has consolidated her arguments.
 II. Assignment of Error Number One The trial court erred and thereby deprived [Defendant] of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution by overruling [Defendant's Crim.R. 29] motion for judgment of acquittal, as the State failed to prove each and every element of driving under the influence beyond a reasonable doubt.
 Assignment of Error Number Two The jury verdict finding [Defendant] guilty of driving under the influence of alcohol was not supported by sufficient evidence and was against the manifest weight of the evidence.
In her first assignment of error, Defendant has argued that the trial court erred when it denied her motion for acquittal. Defendant has also asserted that the evidence presented at trial did not support her conviction of driving under the influence of alcohol and that the verdict was against the manifest weight of the evidence. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Moreover, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley
(Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
In the case at bar, Defendant was charged with driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1). That statute provides that: "[n]o person shall operate any vehicle * * * [while] under the influence of alcohol[.]" R.C. 4511.19(A)(1). At trial, Trooper Grewal testified that while he was talking to Defendant he smelled a mild odor of alcohol and noticed that Defendant's eyes were red and glassy. He then asked her to perform three field sobriety tests. Trooper Grewal stated that the road did contain some snow and ice; however, he had Defendant perform the field sobriety tests on a clear and level area. Defendant showed all six indicators of the HGN test and failed the walk-and-turn around and one-legged stand test. Trooper Grewal concluded that based on his experience and training, Defendant's intoxication was a major factor in the accident. On cross-examination, Defendant's attorney challenged the credibility of Trooper Grewal with a prior inconsistent statement concerning how many individuals Trooper Grewal had arrested for driving under the influence of alcohol. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove Defendant was under the influence of alcohol. Therefore, the trial court did not err in denying Defendant's motion for acquittal.
For Defendant's case, Laurie Stoyko, the owner of Gino's bar testified that she knew Defendant as a regular customer who would visit the bar approximately once a month. She stated that Defendant came to use her phone the night of the accident and did not smell of alcohol. She also did not observe anything unusual about Defendant's movements.
Next, Richard Matus, a salt-truck driver, testified that he was working on the night in question because the roads were very icy. He further stated that he put salt on Harris road and noticed three or four cars in the ditch. Defendant's neighbor, Ed Nalepa, also testified that the roads were icy. He admitted that he didn't talk to Defendant at the scene of the accident, but stated that Defendant did not slur her words when he talked to her earlier on the phone. Lastly, Defendant's husband testified that he was with Defendant the entire evening and only saw her consume two beers.
Upon reviewing the evidence, this Court concludes that this is not an exceptional case in which the weight of the evidence warrants a new trial. Although there were inconsistencies in the testimony presented at trial, this Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other.State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. This Court concludes that the jury did not lose its way in finding Defendant guilty of driving under the influence of alcohol. Moreover, "[b]ecausesufficiency is required to take a case to the jury, [and] a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency," (Emphasis sic) State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4, Defendant's assertion that the State failed to present sufficient evidence to support her conviction, therefore, is also without merit. Finally, Defendant's strained constitutional argument must fail. Defendant's arguments are not well taken.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ BETH WHITMORE
SLABY, P.J., CARR, J. CONCUR.
[1] Defendant has not challenged her conviction for failure to maintain control of her vehicle; therefore, this Court will not address it.